UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| KENTRELL D. WELCH, | Case No. 3:22-cv-00565-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| J. HICKS, *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

*Pro se* Plaintiff Kentrell D. Welch, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action against Defendants[1] under 42 U.S.C. § 1983 (ECF No. 5 ("FAC")). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 20), recommending that the Court deny Plaintiff's motions for injunctive relief (ECF Nos. 6, 7 ("Motions")),[2] grant Plaintiff's motion to voluntarily withdraw his prior motion for preliminary injunction (ECF No. 18),[3] and strike the prior motion (ECF No. 3).[4] Plaintiff filed an objection to the R&R (ECF No. 21 ("Objection")).[5] Because the Court agrees with Judge Denney's

---

[1] After screening of the First Amended Complaint ("FAC"), the remaining Defendants in this case are Hanf, Stark, Jamie Ciciliano, J. Hicks, and Featherly. (ECF No. 8.)

[2] The Court notes that Plaintiff's motion for preliminary injunction (ECF No. 6) and motion for temporary restraining order (ECF No. 7) are identical.

[3] Plaintiff filed the motion for voluntary withdrawal because his prior motion contained duplicative arguments to his later motions. (ECF No. 18.)

[4] In the screening order, the Court referred the Motions to Judge Denney. (ECF No. 8 at 16.) Interested Party NDOC filed identical responses to the Motions (ECF Nos. 12, 13) and submitted exhibits in support of their responses (ECF No. 14 (Sealed)). Plaintiff replied and submitted exhibits in support of his reply (ECF No. 19).

[5] NDOC responded to Plaintiff's Objection. (ECF No. 22.)

analysis, the Court will adopt Judge Denney's R&R in full and overrule Plaintiff's objections.[6]

## II. DISCUSSION[7]

Plaintiff raises four main objections to Judge Denney's R&R,[8] which the Court will address in turn.[9]

First, Plaintiff argues that he was not notified of the prerequisite ultrasound that he had to complete before he saw the endocrinologist and was only alerted to the requirement during his review of the medical records. (ECF No. 21 at 2, 4.) Regardless of whether Plaintiff was explicitly informed that the ultrasound was a prerequisite for the referral, his allegation does not sway the Court's ultimate analysis because Plaintiff failed to demonstrate that Defendants were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff's medical records show that Defendants were consistently working with Plaintiff to treat and actively monitor his thyroid condition. Plaintiff was seen in the chronic care clinic for his thyroid, and NDOC staff ordered multiple thyroid labs and ultrasounds—tests that Plaintiff repeatedly refused. (ECF No. 14-2 at 4, 17, 29-30, 32-33, 43.) Plaintiff finally completed his thyroid ultrasound on July 14, 2022, and his endocrinologist referral was only terminated when the ultrasound was normal; Plaintiff was then prescribed Levothyroxine as a "keep-on-person" medication. (*Id*. at 5, 36.) Accordingly, the Court

---

[6]The Court incorporates by reference and adopts Judge Denney's description of the case's background and procedural history. (ECF No. 20 at 2-3.)

[7]The Court notes that Plaintiff's arguments and allegations are, at times, difficult to follow and require the Court to construe them as stated herein.

[8]As to the portions of the R&R that Plaintiff did not object to, the Court finds that Judge Denney did not clearly err and adopts his recommendations. (ECF Nos. 20, 21.) *See U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations"); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

[9]Because the record is clear and sufficient, the Court denies Plaintiff's requests for an oral argument and an evidentiary hearing. (ECF No. 21 at 8.)

2

overrules Plaintiff's first objection because he failed to show that he will suffer irreparable harm in the absence of an injunction since he has a normal thyroid ultrasound and is currently taking Levothyroxine to manage his condition. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (quotation marks and citation omitted). Plaintiff also failed to establish a likelihood of success on the merits since the record does not support that Defendants were deliberately indifferent to Plaintiff's serious medical needs. *See id.*

Second, Plaintiff contends that he is still suffering symptoms related to his thyroid, which undermines NDOC's claim that an endocrinologist is unnecessary and Plaintiff "has no thyroid issue." (ECF No. 21 at 5, 7.) Plaintiff misrepresents NDOC's argument—NDOC did not state that Plaintiff has "no thyroid issue." Instead, NDOC argues, and the record supports, that medical staff determined an endocrinologist referral was no longer necessary after Plaintiff's normal thyroid ultrasound and a "keep-on-person" thyroid medication was sufficient to manage his condition. (ECF Nos. 12 at 2, 7, 14-2 at 5, 36.) Hence, Plaintiff's grievance amounts to a mere difference of opinion between him and NDOC medical professionals regarding the appropriate medical care, which does not constitute deliberate indifference. *See Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citation omitted).

Moreover, to the extent Plaintiff is still experiencing some symptoms, Plaintiff's own exhibits show that he is refusing diagnostic tests to monitor his thyroid levels. For instance, Plaintiff refused a weight check for his double portions meal renewal on April 22, 2023, and he refused to show up for his labs in April 2022. (ECF Nos. 21 at 13, 15.) "A prisoner's refusal to accept, comply with, or participate in medical treatment does not demonstrate deliberate indifference on the part of the prisoner's medical providers." *See Torricellas v. Bedford*, Case No. EDCV 14-2489 AG (AJW), 2016 WL 11518597, at *7 (C.D. Cal. July 27, 2016) (citations omitted); *see also McDaniel v. Lizarraga*, Case No. 2:19-cv-1136 JAM KJN P, 2022 WL 1570936, at *13 (E.D. Cal. May 18, 2022) ("Under ordinary circumstances, plaintiff may not refuse to be treated and then claim the medical staff person was deliberately indifferent"). For the aforementioned reasons, the Court

3

overrules Plaintiff's second objection.

Third, Plaintiff raises general allegations of tampering by Defendants and NDOC employees. Plaintiff claims that a lab tech intentionally refused to perform the ordered lab tests and medical staff fabricated Plaintiff's medical records by falsely claiming that he refused his medications and appointments. (*Id*. at 5-6.) The Court is unpersuaded. Aside from his own allegations in the Objection, Plaintiff fails to provide any evidence of fabrication or tampering by Defendants in the record. (*Id*. at 2-17.) To the contrary, the medical records show that Plaintiff himself repeatedly refused prescribed medications, appointments, and treatments. As examples, Plaintiff refused his medication for pain management in March and October 2022, refused his thyroid ultrasound on January 26, 2022, refused his thyroid labs on April 8, 2022, and refused his weight check for his double portions meal renewal on April 22, 2023. (ECF Nos. 14-2 at 16-26, 32, 34, 21 at 13, 15.) The Court therefore overrules Plaintiff's third objection because there is no evidence in the record that Defendants falsified or tampered with Plaintiff's medical files; however, there is abundant evidence in the record that Plaintiff himself frequently refused prescribed treatments and medications, which may have delayed his own care. (*Id*.)

Fourth, Plaintiff briefly argues that NDOC failed to address his consultation requests for gastrointestinal ("GI") and rheumatoid arthritis ("RA") specialists. (ECF No. 21 at 6.) The Court disagrees. NDOC did in fact address treatments for Plaintiff's GI and RA issues in the response. (ECF No. 12 at 2-3, 6-7.) Judge Denney also thoroughly addressed Plaintiff's claims of deliberate indifference for his RA and GI problems and explained the reasoning behind his recommendations to deny Plaintiff's requests for the GI and RA specialists. (ECF No. 20.) The Court therefore overrules Plaintiff's fourth objection.

Finally, the Court denies Plaintiff's Motions because he is seeking mandatory injunctive relief[10] but has failed to meet the heightened standard for a mandatory

---

[10]Plaintiff's requested relief is mandatory, not prohibitory, because Plaintiff wants Defendants to take affirmative action to transport him to outside specialists for various

4

injunction for the reasons stated above. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citation omitted); *Doe v. Snyder*, 28 F.4th 103, 111 (9th Cir. 2022) (explaining that "[i]n general, mandatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages") (citations and quotation marks omitted).

### III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motions before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 21) to the Report and Recommendation of United States Magistrate Judge Craig S. Denney is overruled.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 20) is accepted and adopted in full.

It is further ordered that Plaintiff's motions for injunctive relief (ECF Nos. 6, 7) are denied.

It is further ordered that Plaintiff's requests for an oral argument and an evidentiary hearing are denied. (ECF No. 21 at 8.)

It is further ordered that Plaintiff's motion to voluntarily withdraw (ECF No. 18) his prior motion for preliminary injunction (ECF No. 3) is granted.

It is further ordered that Plaintiff's motion for preliminary injunction (ECF No. 3) is stricken.

DATED THIS 1st Day of June 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

medical conditions and to provide him with probiotic drinks, creams, and essential vitamins. (ECF Nos. 6, 7.)