FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JUL 24 2023

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KENTRELL D. WELCH,

        Plaintiff,

v.

J. HICKS, et al.,

        Defendants.

Case No.: 3:22-cv-00565-MMD-CSD

**ORDER SETTING MANDATORY TELEPHONIC CASE MANAGEMENT CONFERENCE**

The court has now screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and ordered the case to proceed. In order to ensure the just, speedy, and cost-effective resolution of this action, the court orders the parties to attend a mandatory telephonic case management conference as described more fully below. No discovery may proceed until the court enters a full scheduling order.

## I. Mandatory Telephonic Case Management Conference

A mandatory telephonic case management conference will be held on **TUESDAY, AUGUST 29, 2023, at 1:00 P.M.** To join the conference, each party is directed to call the toll-free telephone number **1-888-557-8511**; Access Code: **3599743**; Security Code: **82923**, approximately five (5) minutes prior to the hearing. Defense counsel shall make the necessary arrangements for the Plaintiff's telephonic appearance at this conference and shall provide the Courtroom Deputy, Karen Walker, at karen_Walker@nvd.uscourts.gov with the telephone number at which the plaintiff can be reached for this mandatory telephonic case management conference. The parties should be available for one-half hour, although the case management conference will likely take less time.

## II. Case Management Report

In advance of the mandatory case management conference, each party shall file a case management report no later than **TUESDAY, AUGUST 22, 2023**.

The case management report must not exceed **5 pages** and must **not** include any attached exhibits. Each party's case management report must include the following information in separately numbered paragraphs as designated below:

1) A brief statement of the nature of the case, including a brief description of the claims and defenses;

2) The location of potentially relevant documents;

3) The discovery each party intends to take, if any;

4) Any options or methods for the streamlining and/or bifurcation of discovery or the litigation;

5) Whether the defense of failure to exhaust administrative remedies may apply to any claim(s) and whether that defense, if successful, would be dispositive of the entire case or certain claims in the litigation. If a defense of failure to exhaust administrative remedies will be raised, address whether any discovery needs to be conducted as to that defense only, and if so, what discovery is required, and provide an estimate of how long the parties need to complete this discovery;

6) Whether the party intends to use expert witnesses;

7) Whether the party intends to proceed by consent before the magistrate judge. Presently, when a civil trial is set before the district judges, any criminal trial set that conflicts with the civil trial will take priority, even if the civil trial was set first. Continuances of civil trials under these circumstances may no longer be entertained, absent good cause, but the civil

trial may instead trail from day to day or week to week until the completion of either the criminal case or an older civil case. The parties are advised that they are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences; and

8) Any immediate or ongoing issues or requests that require the court's immediate attention or that should be brought to the court's attention.

### III. Discovery Plan and Scheduling Order

Following the case management conference, the court will issue a discovery plan and scheduling order (DPSO). Once issued, the dates in the DPSO are firm and no extension will be given without permission from the court based on a showing of good cause.

**IT IS SO ORDERED**.

Dated: July 24, 2023

_____
Craig S. Denney
United States Magistrate Judge